UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE E. JONES,<br>CDCR No. BU-7712,<br><br>         Plaintiff,<br><br>vs.<br><br>OCEANSIDE POLICE DEPARTMENT;<br>VISTA DETENTION FACILITY;<br>SAN DIEGO CENTRAL JAIL;<br>GEORGE BAILEY DETENTION<br>FACILITY,<br><br>         Defendants. | Case No.: 23-cv-00607-MMA-WVG<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

  Plaintiff Wayne E. Jones ("Jones" or "Plaintiff") proceeding pro se and currently incarcerated at High Desert State Prison ("HDSP"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1 ("Compl.").  While his pleading is difficult to decipher, it appears Jones seeks to hold various San Diego County Sheriff's Department jail and detention facilities, as well as the Oceanside Police Department, liable for harassing and discriminating against him based on "gender, religion, sex, color, contracting, ethnicity, and disability" while he was held in their custody on unspecified occasions from 2020 through 2022.  *Id.* at 1, 5.  Jones further claims to have been denied

effective assistance of counsel during his state court criminal proceedings. *Id.* at 5–10. He seeks both "release from custody pending conclusion of the appeal of writs proceedings," as well as $6 million on general and punitive damages. *Id.* at 10, 12.

## I. FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a failure to pay the entire fee only if the plaintiff is granted leave to commence his suit in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, and even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Jones has not paid the $402 in filing and administrative fees required to commence a civil action and has not submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. CONCLUSION

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a) and **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to re-open the case by: (a) paying the entire $402 civil filing and administrative fee in full; *or* (b) completing

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

and filing a Motion to Proceed IFP which includes a certified copy of his HDSP trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR3.2(b).

The Clerk of the Court is **DIRECTED** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." But if Plaintiff fails to either prepay the $402 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.[2]

**IT IS SO ORDERED**.

Dated: May 4, 2023

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Plaintiff is cautioned that if he chooses proceed further by either prepaying the full $402 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B) regardless of whether he has paid the full $402 filing fee at once, or is granted leave to proceed IFP and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").